Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001117
11-APR-2013
09:13 AM

NO. CAAP-12-0001117

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

In the Matter of the Application of
T-MOBILE WEST CORPORATION
For Certification as an Eligible
Telecommunications Carrier in the
State of Hawaii

APPEAL FROM THE PUBLIC UTILITIES COMMISSION
STATE OF HAWAI'I
(AGENCY DOCKET NO. 2012-0069)

ORDER GRANTING MARCH 7, 2013 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Ginoza, JJ.)

Upon review of (1) Applicant-Appellee T-Mobile West

Corporation's (Appellee T-Mobile West) March 7, 2013 motion to

dismiss appellate court case number CAAP-12-0001117 for lack of

appellate jurisdiction, (2) Intervenors-Appellants Sandwich Isles

Communications, Inc., and Pa Makani, LLC's (collectively Appellants Sandwich Isles Communications and Pa Makani), March 7, 2013 statement of jurisdiction, (3) Appellee State of Hawai'i Public Utilities Commission's (the PUC)[1] March 7, 2013 statement contesting jurisdiction, and (4) the record, it appears that we do not have jurisdiction over Appellants Sandwich Isles Communications and Pa Makani's appeal from the following two orders that the PUC entered in an administrative proceeding:

> (1) a September 7, 2012 order dismissing Appellants Sandwich Isles Communications and Pa Makani's motion to intervene in the PUC's administrative proceeding (hereinafter "the September 7, 2012 order denying intervention"), and
>
> (2) a November 27, 2012 order denying Appellants Sandwich Isles Communications and Pa Makani's motion for reconsideration of the September 7, 2012 order denying intervention (hereinafter "the November 27, 2012 order denying reconsideration").

We initially note that Appellee T-Mobile West initiated the administrative proceeding with the PUC by filing an application with the PUC for annual certification as an eligible telecommunications carrier pursuant to 47 C.F.R. § 54.314 (2012). Subsection (a) of 47 C.F.R. § 54.314 provides:

> § 54.314 Certification of support for eligible telecommunications carriers.
> (a) Certification. <u>States that desire eligible telecommunications carriers to receive support pursuant to the high-cost program must file an annual certification</u> with the Administrator and the Commission stating that all federal high-cost support provided to such carriers within that State was used in the preceding calendar year and will be used in the coming calendar year only for the provision, maintenance, and upgrading of facilities and services for which the support is intended. High-cost support shall only be provided to the extent that the State has filed the requisite certification pursuant to this section.

(Emphasis added). Appellants Sandwich Isles Communications and

---

[1]     In this matter, the Appellee State of Hawai'i Public Utilities Commission is composed of Chairman Hermina Morita, Commissioner Michael E. Champley, and Commissioner Lorraine H. Akiba.

Pa Makani filed a motion to intervene in this PUC administrative proceeding for Appellee T-Mobile West's application, which resulted in the PUC entering the September 7, 2012 order denying intervention. The PUC eventually ended the administrative proceeding by entering a September 10, 2012 decision and order approving Appellee T-Mobile West's application. As non-parties, Appellants Sandwich Isles Communications and Pa Makani are appealing from the September 7, 2012 order denying intervention. Appellants Sandwich Isles Communications and Pa Makani additionally seek appellate review of the November 27, 2012 order denying reconsideration pursuant to Rule 4(a)(3) of the Hawai'i Rules of Appellate Procedure (HRAP). See HRAP Rule 4(a)(3) ("The notice of appeal shall be deemed to appeal the disposition of all post-judgment motions that are timely filed after entry of the judgment or order.").

Administrative appeals commence in a circuit court "except where a statute provides for a direct appeal to the intermediate appellate court[.]" HRS § 91-14(b) (1993 & Supp. 2012). "Matters relating to the PUC are governed by HRS ch. 269." Peterson v. Hawaii Electric Light Company, Inc., 85 Hawai'i 322, 327, 944 P.2d 1265, 1270 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999). HRS § 269-15.5 (2007) authorizes an aggrieved person to appeal from certain final orders of the PUC directly to the Hawai'i Intermediate Court of Appeals:

> § 269-15.5. Appeals.
>     An appeal from an order of the public utilities commission under this chapter shall lie subject to chapter 602, in the manner provided for civil appeals from the circuit courts. Only a person aggrieved in a contested case

-3-

proceeding provided for in this chapter may appeal from the order, if the order is final, or if preliminary, is of the nature defined by section 91-14(a). The commission may elect to be a party to all matters from which an order of the commission is appealed, and the commission may file appropriate responsive briefs or pleadings in the appeal; provided that where there was no adverse party in the case below, or in cases where there is no adverse party to the appeal, the commission shall be a party to all matters in which an order of the commission is appealed and shall file the appropriate responsive briefs or pleadings in defending all such orders. The appearance of the commission as a party in appellate proceedings in no way limits the participation of persons otherwise qualified to be parties on appeal. The appeal shall not of itself stay the operation of the order appealed from, but the appellate court may stay the order after a hearing upon a motion therefor and may impose conditions it deems proper, including but not limited to requiring a bond, requiring that accounts be kept, or requiring that other measures be taken as ordered to secure restitution of the excess charges, if any, made during the pendency of the appeal, in case the order appealed from is sustained, reversed, or modified in whole or in part.

(Emphasis added).

In circuit court cases, the Supreme Court of Hawai'i has held that "[a]n order denying an application for intervention under HRCP Rule 24 is a final appealable order under HRS § 641-1(a)." Hoopai v. Civil Service Commission, 106 Hawai'i 205, 215, 103 P.3d 365, 375 (2004) (citation omitted). "The appealability of such an order is based upon the collateral order doctrine." Id. (citation omitted).

In the instant case, Appellants Sandwich Isles Communications and Pa Makani are not appealing from a circuit court case pursuant to HRS § 641-1(a), but, instead, are attempting to appeal from a PUC proceeding directly to the Hawai'i Intermediate Court of Appeals pursuant to HRS § 269-15.5, which specifically provides that "[o]nly a person aggrieved in a contested case proceeding provided for in this chapter may appeal from the order, if the order is final, or if preliminary, is of the nature defined by section 91-14(a)." (Emphasis added). A

-4-

contested case is "a <u>proceeding</u> in which the legal rights, duties, or privileges of specific parties are <u>required by law</u> to be determined after <u>an opportunity for agency hearing</u>." HRS § 91-1(5) (1993) (emphases added). Thus, the Supreme Court of Hawai'i has held that,

> [<u>i</u>]<u>f the statute or rule</u> governing the activity in question <u>does not mandate a hearing</u> prior to the administrative agency's decision-making, <u>the actions of the administrative agency</u> are not required by law and <u>do not amount to a final decision or order in a contested case</u> from which a direct appeal to circuit court is possible.

<u>Bush v. Hawaiian Homes Commission</u>, 76 Hawai'i 128, 134, 870 P.2d 1272, 1278 (1994) (citations and internal quotation marks omitted). When a statute limits administrative appeals to final orders that an administrative agency enters in a contested case,

> in order for proceedings before an agency to constitute a <u>contested case</u> from which an appeal can be maintained, <u>the agency must be required by law to hold a hearing</u> before a decision is rendered. Stated differently, <u>discretionary hearings are not contested cases because they are not required by law</u>.

<u>Lingle v. Hawaii Government Employees Association</u>, 107 Hawai'i 178, 184, 111 P.3d 587, 593 (2005) (citation omitted; emphases added). Thus, for example, we dismissed an administrative appeal directly from the PUC as to an order dismissing a petition for declaratory relief, because no statute or rule required the PUC to hold a hearing on the petition for declaratory relief, and, thus, the administrative proceeding did not qualify as a contested case, and, consequently, HRS § 269-15.5 did not authorize an appeal from the PUC's dismissal order directly to the Hawai'i Intermediate Court of Appeals:

> PUC issued its Dismissal Order pursuant to HRS § 91-8 (1993) and HAR §§ 6-61-159, 6-61-162, and 6-61-164 (1992). The administrative rules establish that a hearing on a petition for a declaratory ruling is a discretionary hearing and, therefore, not a contested case. HAR § 6-61-159

provides that an interested person may petition PUC to issue a declaratory order. Pursuant to HAR § 6-61-162, PUC may deny the petition, issue a declaratory order, or set the matter for hearing. HAR § 6-61-164 provides examples of reasons why PUC may deny the petition or refuse to issue a declaratory order. Because a hearing on a petition for a declaratory order before PUC is discretionary and not required by law, the Dismissal Order was not a contested case. Lingle, 107 Hawaiʻi at 184, 111 P.3d at 593. Accordingly, because HRS § 269-15.5 only applies to contested cases, Tawhiri Power was not entitled to appeal the Dismissal Order directly to this court.

Tawhiri Power should have filed an appeal to the circuit court pursuant to HRS §§ 91-8 and 91-14. In Lingle, the Hawaiʻi Supreme Court held that "orders disposing of petitions for declaratory rulings under HRS § 91-8 are appealable to the circuit court pursuant to HRS § 91-14." Lingle, 107 Hawaiʻi at 186, 111 P.3d at 595.

Because Tawhiri Power did not have the right to appeal directly to this court, we lack jurisdiction over Tawhiri Power's appeal.

In re Tawhiri Power LLC, 126 Hawaiʻi 242, 245-46, 269 P.3d 777, 780-81 (App. 2012) (footnotes omitted).

In the instant case, none of the parties have cited to any statute or rule that required the PUC to hold any hearing on Appellee T-Mobile West's application. Similar to the circumstances in In re Tawhiri Power LLC, because no statute or rule appears to have required the PUC to hold a hearing on Appellee T-Mobile West's application, the proceedings for Appellee T-Mobile West's application do not constitute a contested case. Therefore, because HRS § 269-15.5 only authorizes appeals from contested cases, Appellants Sandwich Isles Communications and Pa Makani are not entitled to appeal directly to the Hawaiʻi Intermediate Court of Appeals from the September 7, 2012 order denying intervention or the November 27, 2012 order denying reconsideration. Absent an appealable order, we lack jurisdiction over Appellants Sandwich Isles Communications and Pa Makani's appeal in appellate court case number CAAP-12-0001117. Accordingly,

-6-

IT IS HEREBY ORDERED that Appellee T-Mobile West's March 7, 2013 motion to dismiss appellate court case number CAAP-12-0001117 for lack of appellate jurisdiction is granted, and appellate court case number CAAP-12-0001117 is dismissed.

DATED: Honolulu, Hawai'i, April 11, 2013.

Chief Judge

Associate Judge

Associate Judge